UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X

THE ANNUITY, WELFARE AND                    :
APPRENTICESHIP SKILL                         :
IMPROVEMENT & SAFETY FUNDS OF                :
THE INTERNATIONAL UNION OF                   :
OPERATING ENGINEERINGS LOCAL 15,            :    **MEMORANDUM DECISION AND**
15A, 15C, & 15D, AFL-CIO, by their Trustees  :    **ORDER**
Thomas A. Callahan, John McNamara,           :
Michael Salgo, and William Tyson;            :    25-cv-2278 (BMC)
CENTRAL PENSION FUND OF THE                  :
INTERNATIONAL UNION OF                       :
OPERATING ENGINGEERS, by its Chief           :
Executive Officer Joseph Shelton; and        :
INTERNATIONAL UNION OF                       :
OPERATING ENGINEERS LOCAL 15, 15A,           :
15C & 15D, AFL-CIO, by its President and     :
Business Manager Thomas A. Callahan,         :
                                             :
                        Plaintiffs,          :
                                             :
            - against -                      :
                                             :
J & A CONCRETE CORP.,                        :
                                             :
                        Defendant.           :

------------------------------------------------------------X

**COGAN**, District Judge.

Plaintiffs' motion for a default judgment is granted for the reasons set forth below.

Plaintiffs are two union benefit funds and a local union that sponsored the funds.

They bring suit against J & A Concrete Corp., a member of the contractors' association that

signed various collective bargaining agreements, for relief pursuant to §§ 502(a)(3) and 515

of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1145, to

collect contributions owed under ERISA and the applicable collective bargaining agreements

in accordance with § 301 of the Labor Management Relations Act, 29 U.S.C. § 185. Pursuant

to the applicable documents, plaintiffs had an audit performed to determine defendant's

outstanding obligations for the period July 21, 2021 through June 30, 2023, but defendant has failed to pay in accordance with the agreements' requirements.  Defendant has not answered or otherwise appeared in this action, and the time to do so has expired.  The docket reflects service of process and the Clerk's entry of default pursuant to Fed. R. Civ. P. 55(a).

In light of defendant's default, all of the well-pleaded allegations in plaintiffs' complaint pertaining to liability are deemed true.  However, "[e]ven when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true."  Credit Lyonnais Sec., Inc. v. Alcantara, 183 F. 3d 151, 155 (2d Cir. 1999) (citations omitted).  Rule 55(b)(2) provides that when granting a default judgment, "[t]he court may conduct hearings . . . when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter."  The Second Circuit has held that as long as the district court "ensured that there was a basis for the damages specified in the default judgment," such as by relying on detailed affidavits and documentary evidence, it is not necessary for the court to hold a hearing.  E.g. Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997) (citations omitted).

In addition to the allegations relating to liability in the complaint, plaintiffs have submitted four affidavits with multiple exhibits in support of the instant motion.  Paralleling the audit, they break the outstanding categories due to plaintiffs into two categories: ERISA contributions and non-ERISA contributions.  The ERISA contributions consist of annuity, pension, welfare, and training payments.  The non-ERISA payments consist of supplemental

dues, defense fund and political action committee payments that union members have agreed to make to the local union.

The affidavits are adequate to demonstrate entitlement to each of these amounts. They are as follows:

- $81,785.94 in principal ERISA contributions owed to the plaintiff funds;

- $9,852.61 in interest on the above amount through July 17, 2024;

- Additional interest on the above amount from July 18, 2024 to entry of judgment;

- $9,652.83 in liquidated damages;

- $6,980.35 in non-ERISA contributions owed to the plaintiff funds; and

- Additional interest on the amount of non-ERISA contributions owed to the plaintiff funds from July 1, 2022 to entry of judgment.

The interest rates for the ERISA contributions are either 6% or 9%, depending on which of the two plaintiff funds the delinquencies are owed to, based on the parties' agreements. Plaintiffs asks that the Clerk of Court apply those rates for the period July 18, 2024 to the entry of judgment. Plaintiffs also ask that the Clerk of Court apply an interest rate of 9% on the non-ERISA contributions from the intermediary date of July 1, 2022 through the date of final judgment. These requests are granted. Accordingly, plaintiffs shall be granted $6,243.44 in additional interest for their ERISA contributions owed, and $2,020.67 in additional interest for their non-ERISA contributions owed.

Plaintiffs have also requested attorneys' fees and costs, as well as auditor's fees, in the amount of $10,785.70. I find that plaintiffs' requested attorneys' fees and auditor's fees are reasonable considering the nature of this case and the time expended. The rates charged are consistent with rates in this district and the amount of time spent was efficient. The costs are also appropriate.

The motion for a default judgment is granted.  The Clerk is directed to enter judgment in favor of plaintiffs and against defendant in the amount of $127,321.54.

**SO ORDERED.**

*Brian M. Cogan*

_____
U.S.D.J.

Dated: Brooklyn, New York
      September 17, 2025

4